Edward M. Robinson, Bar 126244
**LAW OFFICE OF**
**EDWARD M. ROBINSON**
21515 Hawthorne Boulevard Suite 200
Torrance, CA 90503
310.316.9333 office
310.316.6442 fax
Email: eroblaw@gmail.com
Attorney for Sayee Chaitanya Reddy Devagiri

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs<br><br>SAYEE CHAITANYA REDDY DEVAGIRI,<br><br>                    Defendant. | CASE NO.: 5:24-CR-00451-BLF<br><br>**DEFENDANT DEVAGIRI'S SENTENCING MEMORANDUM**<br><br>Date: January 13, 2026<br>Time: 9:00A.M<br>Place: Courtroom 1, San Jose |

Defendant, Sayee Chaitanya Reddy Devagiri, hereinafter Mr. Devagiri, by and through counsel Edward M. Robinson submits this position with respect to sentencing.

Respectfully submitted,

DATED: January 4, 2026,        By   */s/ Edward M. Robinson*
                                                    Edward M. Robinson
                                                    Attorney for Defendant
                                                    *Sayee Chaitanya Reddy Devagiri*

1

# INTRODUCTION

Mr. Devagiri stands before this Court contrite and humbled. Immediately upon his arrest Mr. Devagiri accepted responsibility and began his post-offense rehabilitation. While this offense is undoubtedly serious, a guideline sentence is greater than necessary to promote the factors of sentencing set forth in 18 U.S.C. §3553(a).

The Government and the Probation Office conclude that the advisory guideline sentencing range for Mr. Devagiri is 51-63 months, derived from a Total Offense Level 24 in Criminal History Category I. The Probation Office recommends a variance to 36 months, based on Mr. Devagiri's personal history and characteristics, particularly his lack of criminal history, significant educational and employment history as well as the certainty that he will be deported. The Government does not join in this recommended variance from the above calculated advisory guideline range. For reasons set forth in its position paper the Government recommends 27 months incarceration.

As set forth herein, Mr. Devagiri has done over 500 hours of community service in an effort to make amends. His service of others is an example of his contrition and humility. He is also prepared to make a payment of $100,000.00 restitution on the date of sentencing. This post-offense rehabilitation is recognized by the Supreme Court as meaningful contrition that hedges against the likelihood of future criminality. It is part of the calculus in determining what sentence is 'greater than necessary.' *Pepper v. United States,* 562 U.S. 476 (2011).

In recognition of the direct relationship of post-offense rehabilitation and the factors of sentencing in section 3553(a), the United States Sentencing Commission has published a proposed post-offense rehabilitation adjustment amendment for 2026. The "synopsis of [the] proposed amendment" reads as follows: "[i]n August 2025, the Commission [based on suggestions from stake holders] identified as one of its policy priorities for the amendment cycle ending May 1, 2026,'[e]xamination of whether the guidelines provide appropriate adjustments for good behavior…and possible considerations of amendments that might be appropriate.' U.S. Sent'g Comm'n, Notice

of Final Priorities," 90 FR 39263 (Aug. 14, 2025)." In response the Commission proposed a new Chapter Three adjustment at §3E1.2 with two options for the downward adjustment focusing on things like voluntary pre-sentence community service and restitution. (a copy of the proposed amendment is attached hereto as Exhibit A).

For the reasons set forth below, Mr. Devagiri requests that this Court sentence him to a year of probation or supervised release with a term home incarceration and restitution. (PSR paras. 69-71)

## THE PRESENTENCE REPORT

Mr. Devagiri does not object to the Offense Conduct section of the PSR. (PSR paras. 10-26.) He does object to the two-level upward role adjustment recommended in paragraph 35. This objection is noted in the ADDENDUM TO THE PRESENTENCE REPORT attached to the PSR and more fully set forth as follows: The facts establish, and the parties and probation agree that Mr. Devagiri "did not appear to have directly supervised other participants[.]" PSR para. 35 and addendum to PSR. The issue to be resolved is whether Mr. Devagiri's "close relationship with the mastermind of the scheme, Kona[,]" his recruiting Anne and Mandadapu into the scheme, his reassignment of orders to other co-participants, his distribution of some of the stolen proceeds as well as his largest share of the proceeds support the two-level upward adjustment per USSG§3B1.1(c).

The government and probation argue that the above facts, while agreeing that Mr. Devagiri did not supervise any co-participant, support the claim that he was an "organizer" in the scheme and therefore sufficient evidence exits to meet the government's burden of proof for the upward adjustment.

Preliminarily it must be noted that the Ninth Circuit has made it clear that "conduct which may have been integral to the success of the criminal enterprise…or conduct that reflects a high degree of culpability [is] insufficient to support a leadership

enhancement unless the defendant also exercised the requisite control over others." *United States v. Whitney*, 673 F.3d 965 at 976, (9th Cir. 2012) internal cites omitted.

With this in mind, the mere fact that Mr. Devagiri is the most culpable in the indictment and that his conduct was integral to the overall scheme does not in itself support a finding that the role adjustment is appropriate for Mr. Devagiri.

The government's reliance on *United States v. Vinge*, 85 F.4th 1285 (9th Cir. 2023), is understandable but does not survive scrutiny when considered against Judge Van Dyke's efforts to reconcile the fact of lack of control over others, and the panel's reliance on *United States v. Doe*, 778 F.3d 814, (9th Cir. 2015) with the holdings in *United States v. Holden*, 908 F.3d 395 (9th Cir. 2018) and *United States v. Kabir*, 51 F. 4th 820 (9th Cir. 2022).

Judge Van Dyke, in support of the upward adjustment as applied to Appellant Vinge, noted that the decision in *Holden* was not inconsistent with that in *Vinge,* in that for the organizer label to properly stick the government must prove that the "defendant had control over other participants or organized other participants…[and that is was insufficient] for a defendant to have organized property or activities—the defendant must have organized *participants*." *Vinge* citing *Holden* at 1289.  Mr. Davagiri's close relationship with Kona, his distribution of proceeds as well as his greater cut are not evidence of organizing participants.  Bringing two other participants into the scheme is evidence of facilitation, deemed insufficient in *Holden,* at 823 and recognized as such in *Vinge* at 1289.

*Kabir*, like *Holden,* per Judge Van Dyke's analysis requires "organizational control"—which could include "organizational responsibility" over others. *Vinge* at 1289.  Mr. Devagiri had no direct control over any of the participants in this scheme.  At best he facilitated the scheme.  The hair splitting involved in assigning "organizational responsibility" to Mr. Devagiri, who had no direct control over any other participant, is enough for this Court to conclude that the government has failed to meet its burden of proof for the application of this upward role adjustment.

4

Without the two-level upward role adjustment per USSG §3B1.1(c), Mr. Devagiri qualifies for the zero-point offender two-level downward adjustment per USSG § 4C1.1.  As such. Mr. Devagiri's advisory guideline range would be 33-41 months derived from a Total Offense Level of 20 in Criminal History Category I.

**18 U.S.C. § 3553 ANALYSIS**

18 U.S.C. § 3553(a) requires that a sentencing court impose a sentence that is "sufficient but not greater than necessary" to achieve the goals of sentencing. *Kimbrough v. United States*, 522 U.S. 85, 90 (2007). The sentencing factors, which must be analyzed against the parsimony clause of 18 U.S.C. § 3553(a) represent the major sentencing considerations of "retribution, deterrence, incapacitation, and rehabilitation." *Tapia v. United States*, 564 U.S. 319, 325 (2011). While the Guideline sentencing Range is a "starting point and initial benchmark," the Guidelines are not the sole, nor even the first among the factors that Congress has commanded the court to apply pursuant to Section 3553(a). *Gall v. United States*, 552 U.S. 38, 49 (2007). Instead, in reaching a decision on what constitutes an appropriate sentence, the district court should "consider all relevant factors" and "construct a sentence that is minimally sufficient to achieve the broad goals of sentencing." *United States v. Rodriquez*, 527 F.3d 221, 228 (1st Cir. 2008) (emphasis supplied.)

I.     **Nature and Circumstances of the Offense**

While the nature and circumstances of Mr. Devagiri's offense are undeniably serious, it is also clear that Mr. Devagiri has immediately accepted responsibility and engaged in contrite and humble post-offense rehabilitation.

II.    **Personal History and Characteristics**

Mr. Devagiri's personal history is set forth in paragraphs 49-63 of the PSR.  He is fortunate to have his stepfather in his life.  He is well educated and has family support.  He is certain to be deported.

### III. Deterrence-Protection of the Public

18 U.S.C. § 3553(a)(2)(B) requires that the Court consider the need for the sentence imposed to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(C) requires the Court to consider the need to protect the public from future crimes of the defendant. To a large degree these two factors of sentencing, especially in this case, are coextensive.

With that in mind, this Court must consider both general and individual deterrence in light of two important concerns. First, the anecdotal notion that longer sentences have a greater general deterrent effect is belied by empirical and academic findings.

The United States Sentencing Commission has found that "[t]here is no correlation between recidivism and Guidelines' offense level. Whether an offender has a low or high Guideline offense level, recidivism rates are similar. While surprising at first glance, this finding should be expected. The Guidelines' offense level is not intended or designed to predict recidivism." See U.S. SENTENCING COMM'N, MEASURING RECIDIVISM: THE CRIMINAL HISTORY COMPUTATION OF THE FEDERAL SENTENCING GUIDELINES, at 15 (2004).

The second, and more relevant consideration deals with the tension between general and individual deterrence. As the district court stated in *United State v. Cole*, 622 F. Supp. 2d 632 (N.D. Ohio 2008), "[g]eneral deterrence uses a utilitarian calculation, subjecting defendants to longer periods of incarceration than retribution requires to 'send a message' to other potential offenders. Inherent in this general eterrence calculation is a tension between individual dignity and societal good, begging the question: Is it ethical to impose a greater-than necessary punishment upon an individual criminal defendant to protect society at large?"

Here, given Mr. Devagiri's compelling contrition and humility, shown by his post-offense rehabilitation and restitution, it would be ethically inconsistent with individualized sentencing inherent in §3553(a)'s parsimony clause and the sentencing

6

jurisprudence post *Booker* to impose a sentence longer than necessary to make a public example of Mr. Devagiri and to protect the public form a danger that no longer exists.

### IV. Post-Offense Rehabilitation

"[A] court's duty is always to sentence the defendant as he stands before the court on the day of sentencing." *Pepper v. United States*, 562 U.S. 476, 492 (2011); *quoting United States v. Bryson*, 229 F.3d 425, 426 (2nd Cir. 2000). The proposed amendment attached hereto as Exhibit A, if passed, reflects the efficacy of pre-sentence efforts at rehabilitation in lessening recidivism and underscoring the lack of need for a long prison sentence to provide protection to the public from future dangerousness of the 'rehabilitated' defendant.

Thus, here, a critical factor for this Court to consider is Mr. Devagiri's post-offense rehabilitation. The *Pepper* Court noted the ways in which continued rehabilitation informs all other sentencing factors, "in particular, to 'afford adequate deterrence to criminal conduct,' 'protect the public from further crimes of the defendant,' and 'provide the defendant with needed educational or vocational training ... or other correctional treatment in the most effective manner.'" *Id*. at 491; *citing* 18 U.S.C. 3553 §§ (a)(2)(B)-(D). Finally, and "most fundamentally[,]" evidence of a defendant's most recent conduct provides the most up-to-date picture of the defendant's "history and characteristics." *Id*. at 491; *citing* 18 U.S.C. § 3553(a)(1). As Mr. Devagiri stands before this Court today, he is not the same person he was when he committed the crimes for which he has taken responsibility.

Mr. Devagiri's commitment to reconciliation is evidenced by his significant community service and full employment. His humility is woven through his letter to the Court. Making partial restitution prior to sentencing is just one additional example of his commitment to a new way of life. (See letter regarding community service attached hereto as Exhibit B).

Given Mr. Devagiri's extraordinary efforts to rebuild his life and his continued post-offense rehabilitation, there is no reason to incarcerate him for a long sentence. It

is in society's interest as well as within the mandate of 18 U.S.C. § 3553 to impose a sentence significantly lower than the advisory guideline range.

## CONCLUSION

For the reasons set forth above, as well as those set forth in the record of this case, counsel for Mr. Devagiri respectfully requests that this Court grant a variance from the advisory guideline range and impose a sentence of probation or supervised release for one-year, with a term of home incarceration and restitution.

Respectfully submitted,

DATED: January 4, 2026,     By  /s/ *Edward M. Robinson*
　　　　　　　　　　　　　　　　Edward M. Robinson
　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　*Sayee Chaitanya Reddy Devagiri*